WO                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 19-04335-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Adam Perkins, et al., | |
| Defendants. | |

On May 30, 2019, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a "Motion for Leave to File Pursuant to Court Order" and an Application to Proceed In Forma Pauperis, and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a July 30, 2019 Order, Court granted the Motion to File, directed the Clerk of Court file the Complaint, and denied the Application to Proceed with leave to refile. On August 28, 2019, Plaintiff filed a new Application to Proceed In Forma Pauperis. On October 31, 2019, Plaintiff filed a Motion for Status. In a December 17, 2019 Order, the Court granted the Application to Proceed, granted the Motion for Status, and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is housed in a male facility, but identifies as female and refers to herself with feminine pronouns.

On January 15, 2020, Plaintiff filed a Motion for Leave to File Under Seal (Doc. 15) and lodged a First Amended Complaint. On January 28, 2020, Plaintiff filed a "Motion to Provide HNR Issues Under Seal" (Doc. 17). The Court will grant the Motions to Seal, order Defendants Andre, Eze, and Todd to answer Counts One and Two of the First Amended Complaint, and dismiss the remaining claims and Defendants without prejudice.

## I. Motions to Seal

In her Motions to Seal (Docs. 15 and 17), Plaintiff asks that she be allowed to file her First Amended Complaint and copies of her Health Needs Requests (HNRs) under seal because the documents contain information about her medical conditions. The Court will grant the Motions and direct the Clerk of Court to file under seal the First Amended Complaint (lodged at Document 16) and HNRs (lodged at Document 18).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III. First Amended Complaint

Plaintiff names the following Defendants in the three-count First Amended Complaint: Assistant Facility Health Administrator Trina Randal; Nurse Practitioner C. Eze; Unknown Centurion Regional Medical Director; Facility Health Administrator Spencer Sego; Director of Nursing Jessica Todd; Registered Nurses Christina Andre, Lupew, Wilheim, Crystal Price, and Fox; Correctional Officers II Hines, Bravo, and Clayburn; Sergeants Petermen, Ibarra, Reyes, and Gurrola; Associate Deputy Warden Blake Jensen; and Lieutenant Poteger. Plaintiff seeks money damages.

In Count One, Plaintiff alleges her Eighth Amendment rights were violated when she was denied adequate medical treatment. Plaintiff alleges that from May 8, 2019, to the date of filing the First Amended Complaint, she "made Randal, Eze, Andre, and Todd personally aware in writing, in person, and verbally that [she is] having problems with [her] s/p tube[2] draining and RN Andre has done nothing to treat [her] for it." Plaintiff states she also informed Defendants Lupew, Wilheim, Price, Fox, Hines, Petermen, Jensen, Bravo, Ibarra, Reyes, Gurrola, Poteger, and Clayburn that she had "liquid coming out of [her] stomach and pushing [her] sutures out as [she is] bloated and distended, [but] none of them got [her] to medical[,] they simply just listened to [her] and then walked off." Plaintiff

---

[2] Plaintiff appears to refer to a tube attached to her suprapubic catheter.

claims she "verbally told them all" about her medical issues over the course of several months. Plaintiff states she is in pain and that her bladder can rupture and she can die.

In Count Two, Plaintiff alleges violations of her right to adequate medical care. Plaintiff claims that from May 8, 2019, to the date of filing the First Amended Complaint, she "verbally, in writing, and personally told Randal, Eze, Andre, Lupew, Medical Director, Todd, Sego, Wilheim that [she] was not having any bowel movements and that had gone 25 days with no bowel [movements] and [she is] distended and in pure pain." Plaintiff contends "Todd, Eze, Andre, have not treated the condition beyond laxatives that have proven not to work." Plaintiff states that on May 27, 2018, she "had to be sent out 911 due to this same issue in Lewis." Plaintiff asserts Defendant Regional Medical Director "is the person who approves any hospital trips and these Defendants know [she needs] to be sent to the hospital[,] but they do nothing at all to provide care." Plaintiff alleges she has submitted multiple HNRs on the issue and they "have all been ignored." Plaintiff states she can die from not having bowel movements.

In Count Three, Plaintiff alleges violations of her right to adequate medical care with respect to seizures. Plaintiff alleges that from May 8 to December 20, 2019, she informed Defendants Eze, Todd, and Andre that he has had seizures, but they ignored her medical conditions and have allowed her to be housed where "there is no room to backboard [her] out." Plaintiff states this is contrary to policy.

**IV.     Failure to State a Claim**

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both

know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

### A. Count One

In Count One, Plaintiff claims she told Defendants Randal, Eze, and Todd of problems with her catheter. Plaintiff does not allege what response, if any, Defendants Randal, Eze, and Todd provided. Plaintiff's assertions are therefore insufficient to show Defendants Randal, Eze, and Todd were deliberately indifferent to her serious medical needs.

. . . .

1  Plaintiff further alleges she informed Defendants Lupew, Wilheim, Price, Fox, Hines, Petermen, Jensen, Bravo, Ibarra, Reyes, Gurrola, Poteger, and Clayburn that she had "liquid coming out of [her] stomach and pushing [her] sutures out as [she is] bloated and distended, [but] none of them got [her] to medical[,] they simply just listened to [her] and then walked off." These allegations are too vague to state an Eighth Amendment claim. Plaintiff does not allege when she told any of these Defendants about the issues with her sutures or state how much time passed before she was seen by medical providers. Plaintiff's medical records and HNRs show that she is regularly seen by medical personnel, and Plaintiff does not allege that any delay in medical care she may have experienced as a result of Defendants "walking away" caused her further injury or harm.

The Court will therefore dismiss Defendants Randal, Eze, Todd, Lupew, Wilheim, Price, Fox, Hines, Petermen, Jensen, Bravo, Ibarra, Reyes, Gurrola, Poteger, and Clayburn from Count One.

### B.  Count Two

In Count Two, Plaintiff alleges she told Defendants Randal, Lupew, Sego, and Wilheim about her bowel conditions, but makes no further allegations against these Defendants. This is insufficient to state an Eighth Amendment claim and the Court will dismiss these Defendants.

Plaintiff also alleges that Defendant Regional Medical Director is responsible for approving hospital stays and knew Plaintiff needed to be sent to the hospital, but did nothing. Plaintiff does not allege why she needed to be sent to the hospital, rather than receive treatment at the prison's medical facility, does not claim a medical provider requested that she be sent to the hospital for treatment, and does not allege how or when Defendant Regional Medical Director became aware that she needed to be sent to the hospital or when he or she denied a request to send Plaintiff to the hospital. Plaintiff's allegations are insufficient to state an Eighth Amendment claim against Defendant Regional Medical Director in Count Two and the Court will dismiss this Defendant.

. . . .

### C. Count Three

Plaintiff provides virtually no information about her alleged seizures and provides no medical documentation showing she has be been diagnosed with a seizure disorder. Plaintiff does not state when her seizures began, on what specific dates she suffered seizures, or whether they were witnessed by staff or other inmates. Plaintiff has a lengthy, documented history of making false allegations regarding her medical needs and has been formally diagnosed with Munchausen's syndrome.[3] Without detailed allegations regarding her alleged seizures and supporting medical documentation, Plaintiff claims are insufficient to show that Defendants were deliberately indifferent to her serious medical needs. The Court will dismiss Count Three for failure to state a claim.

## V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated Eighth Amendment medical claims against Defendant Andre in Count One for the alleged denial of treatment related to Plaintiff's catheter, and against Defendants Todd, Eze, and Andre in Count Two for denial of treatment regarding Plaintiff's bowel condition. The Court will require Defendants Andre, Todd, and Eze to answer these claims.

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

---

[3] *See* Doc. 85 in *Valenzuela v. Taylor*, CV 16-00951-PHX-NVW.

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motions to Seal (Docs. 15 and 17) are **granted**; the Clerk of Court **must file** under seal the First Amended Complaint (lodged at Doc. 16) and the Exhibits (lodged at Doc. 18).

(2) Count Three of the First Amended Complaint is **dismissed** without prejudice.

(3) Defendants Randal, Unknown Regional Medical Director, Sego, Lupew, Wilheim, Price, Fox, Hines, Petermen, Jensen, Bravo, Ibarra, Reyes, Gurrola, Poteger, and Clayburn are **dismissed** without prejudice.

(4) Defendants Eze must answer Count One and Defendants Eze, Andre, and Todd must answer Count Two, in their individual capacities, as described above.

(5) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 16), this Order, and both summons and request for waiver forms for Defendants Eze, Andre, and Todd.

. . . .

. . . .

1    (6) Plaintiff must complete[4] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(10) A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

. . . .

. . . .

---

[4] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12) Defendants Eze, Andre, and Todd must answer the relevant portions of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

TERMPSREF

(14) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 12th day of February, 2020.

Michael T. Liburdi
United States District Judge