WO                                                                                           SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela,<br><br>Plaintiff,<br><br>v.<br><br>Adam Perkins, et al.,<br><br>Defendants. | No.   CV 19-04335-PHX-MTL (MHB)<br><br><br>**ORDER** |

Plaintiff Melinda Gabriella Valenzuela, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's Motion for Emergency Transport to Hospital (Doc. 38), which the Court construes as a Motion for Preliminary Injunction. The Court will deny the Motion.

**I.    Background**

On screening of Plaintiff's 3-count First Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that, liberally construed, Plaintiff stated Eighth Amendment medical care claims against Defendant Registered Nurse Christina Andre in Count One for Andre's alleged denial of treatment related to Plaintiff's catheter and against Defendants Director of Nursing Jessica Todd, Nurse Practitioner C. Eze, and Andre in Count Two for their alleged denial of treatment for Plaintiff's alleged bowel condition. (Doc. 19.)  The Court directed Defendants Andre, Todd, and Eze to answer and dismissed the remaining claims and Defendants.  (*Id.*)

## II. Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct

the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. Motion for Injunctive Relief

In her Motion, Plaintiff seeks a Court Order "to send her to the hospital as she has severe urine issues and due to her GD and partial GRS surgery." (Doc. 38 at 1.) While not entirely clear, Plaintiff appears to allege that she cannot urinate on her own "due to scar tissue and injury due to her GD process." (*Id.*) She claims she is "currently going through the GRS process," and she has "told all Defendants of the multiple issues and they do not do anything." (*Id.*) She further alleges that she "has had a[n] urgent consult [for a urostomy] since last year that has still yet to be done." (*Id.* at 1−2.) Finally, she alleges that "[t]he issues have become complex and she needs to be sent to the hospital." (*Id.* at 2.)

Defendants filed a brief Response, requesting that the Court summarily deny Plaintiff's Motion on the grounds that Plaintiff does not provide an adequate legal basis for granting preliminary injunctive relief; she does not cite to any evidence that she has a medical diagnosis that is not being addressed, requiring that she be taken to the hospital; she has not shown she is likely to suffer any irreparable injury; and her Motion is vague as to what her "issues" are or what needs to take place if she is transported to the hospital as she requests. (Doc. 46 at 1−2.)

The Court agrees that Plaintiff's Motion is too vague and conclusory to meet the required *Winter* showings for obtaining preliminary injunctive relief. As an initial matter, Plaintiff has not addressed or shown that she is likely to prevail on the merits of her underlying claims. Further, Plaintiff fails to present specific, intelligible facts about her current "issues" or what has or has not been done to address them to demonstrate a current threat of irreparable harm or to allow the Court to fashion appropriate, narrowly drawn relief. Plaintiff baldly claims that she was previously approved for an urgent "urostomy," which she still has not received. (Doc. 38 at 1−2.) But she provides no facts about what led to this consult request or about the medical care she received since it was made to show

she now faces a threat of irreparable harm. The Court cannot conclude on these bare statements alone that Plaintiff currently needs a urostomy or that she requires any other medical procedures that her medical providers at ASPC-Florence have failed to provide. Because Plaintiff has failed to satisfy any of the required *Winter* showings or to show that the relief she requests—emergency transport to a hospital—is narrowly drawn to address any particular harm, the Court will deny without prejudice the Motion for Preliminary Injunction.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Emergency Transport to Hospital (Doc. 38), which the Court construes a Motion for Preliminary Injunction, and the Motion is **denied** without prejudice.

Dated this 23rd day of July, 2020.

Michael T. Liburdi
United States District Judge