WO                                                                                                          SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 19-04335-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Adam Perkins, et al., | |
| Defendants. | |

Plaintiff Melinda Gabriella Valenzuela, who is currently confined in the Arizona State Prison Complex-Florence, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Motion for Order for Emergency Order to Send Plaintiff to Hospital" (Doc. 57), which the Court construes as a Motion for Preliminary Injunction.

The Court will deny the Motion.

**I.    Background**

Plaintiff has a long history of filing frivolous medical complaints in this Court and is currently under a fourth vexatious litigant order, requiring her to file with each new Complaint a motion for leave to file, which includes documentation that she has already pursued her available administrative remedies, and—where her claims are based on allegations of a physical injury or a serious medical need—documentation of her medical condition(s) and/or injuries that go beyond her own allegations in the Complaint. (*See* Doc. 6 at 2; *Valenzuela v. Taylor*, 16-00951-PHX-NVW (MHB), Docs. 85, 88.)  In

response to Plaintiff's Motion for Leave to File in this action, the Court determined that Plaintiff had met these and other pre-filing obligations and permitted her to file her Complaint, which the Court initially dismissed for failure to state a claim. (Docs. 6, 12.)

On screening of Plaintiff's three-count First Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims in Count One against Defendant Registered Nurse (RN) Christina Andre based on Andre's alleged denial of treatment for Plaintiff's catheter issues, and in Count Two against Defendants Director of Nursing Jessica Todd, Nurse Practioner C. Eze, and RN Andre for their alleged denials of treatment for Plaintiff's bowel condition and directed these Defendants to answer these claims. (Doc. 19.) The Court dismissed the remaining claims and Defendants. (*Id.*)

**II.   Motion for Injunctive Relief**

In her Motion for Preliminary Injunction, Plaintiff seeks a Court Order directing Defendants to send her to the hospital. (Doc. 57 at 1.) She alleges that she has been diagnosed with neuromuscular dysfunction of the bladder, which she has had since a 1998 motor vehicle accident; Defendants are aware of this condition and know she needs to go to the hospital but are doing nothing to treat her; and she goes multiple days without being able to urinate more than a dribble, goes several hours without urinating at all, and she has severe kidney pain and pain in other areas. (*Id.* at 1−2.)

In support of these assertions, Plaintiff provides her own affidavit as well as a single medical record showing that, on June 3, 2018, she was diagnosed with "neuromuscular dysfunction of the bladder, unspecified." (Doc. 57 at 7 ¶ 046.) The same medical record shows that, at the same time, Plaintiff was diagnosed with "Munchausen's syndrome and Factitious disorder, unspecified." (*Id.*)

**III.   Injunctive Relief Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520

U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**IV. Discussion**

Plaintiff does not address any of the *Winter* factors required to support her Motion, and the Court cannot conclude on the bare facts presented that she is likely to prevail on

the merits of her underlying claims or, even if she could, that she faces a threat of irreparable harm, as is also required for the Court to order preliminary injunctive relief. *See Winter*, 555 U.S. at 24.

In her affidavit, Plaintiff relevantly asserts that she has gone multiple days without proper urination, causing her to bloat and be in pain; her urologist has made "certain recommendations and the Defendants did none of it"; and Defendants "are not addressing the [health needs requests] she submitted." (Doc. 57, Ex. B. (Pl. Aff.) ¶¶ 6. 8−10.) These assertions are too vague and conclusory, however, as to when and for how long Plaintiff has encountered and reported her alleged inability to urinate properly, what "certain recommendations" Plaintiff's urologist made for her care, and what Defendants said or did in response to make a showing that Plaintiff faces irreparable harm absent additional, Court-ordered relief. Further, absent additional facts, it is impossible to determine from the current record that Plaintiff's request to be taken to the hospital is appropriate for her alleged urinary issues or that such relief is narrowly drawn to respond to her specific needs. *See* 18 U.S.C. § 3626(a)(2); *Gilmore*, 220 F.3d at 999.

For these reasons, the Court will deny without prejudice Plaintiff's Motion for Preliminary Injunction.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Order for Emergency Order to Send Plaintiff to Hospital (Doc. 57), and the Motion is **denied**.

Dated this 30th day of October, 2020.

Michael T. Liburdi
United States District Judge