WO                                                                                                           SKC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 19-04335-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Adam Perkins, et al., | |
| Defendants. | |

Plaintiff Melinda Gabriella Valenzuela, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's Motion for Preliminary Injunction (Doc. 69) and Motion for Court Ordered Examination of Plaintiff (Doc. 103).

The Court will deny both Motions.

**I.      Background**

On screening of Plaintiff's 3-count First Amended Complaint under 28 U.S.C. § 1915A(a), the Court determined that, liberally construed, Plaintiff stated Eighth Amendment medical care claims against Defendant Registered Nurse Christina Andre in Count One based on Andre's alleged denial of treatment related to Plaintiff's catheter and against Defendants Director of Nursing Jessica Todd and Nurse Practitioners C. Eze and Andre in Count Two based on their alleged denial of treatment for Plaintiff's alleged bowel condition. (Doc. 19.)  The Court directed Defendants Andre, Todd, and Eze to answer and dismissed the remaining claims and Defendants. (*Id.*)

## II. Injunctive Relief Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct

the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III.   Motions for Injunctive Relief

#### A.   Motion for Preliminary Injunction

In her Motion for Preliminary Injunction, Plaintiff requests that the Court set a hearing "and have Plaintiff transported to the hospital to receive proper care." (Doc. 69 at 3.) This is the second Motion Plaintiff has filed in this action requesting emergency transport to the hospital. (*See also* Doc. 38.) The Court denied the previous Motion based on Plaintiff's failure to show she was likely to succeed on the merits of her underlying claims or that she faced irreparable harm absent preliminary injunctive relief. (*See* Doc. 51 at 3.) Here, as in her previous Motion, Plaintiff claims that she is unable to urinate, but prison medical staff have done nothing to address this issue. (Doc. 69 at 2.) She also claims that her urologist requested she have a urostomy instead of a catheter, but the prison's contracted healthcare provider Centurion has yet to comply with that request or send her out for a follow-up to a urology consult she had with Dr. Hall. (*Id.*) In support of her Motion, Plaintiff provides a medical record showing that, on June 3, 2018, she was diagnosed with "neuromuscular dysfunction of the bladder, unspecified" (Doc. 69-1 at 8); a "Consultation Request," showing that, on August 11, 2020, she was approved for an off-site urology consult (*Id.* at 17); and numerous Health Needs Requests (HNRs) she filed between March and July 2020, complaining about her inability to urinate. (*Id.* at 20−34.)

Defendants argue in their Response that the Court should summarily deny the Motion because, as in her previous such Motion, Plaintiff again fails to set forth arguments or credible evidence as to any of the *Winter* factors to show she is entitled to preliminary injunctive relief. (Doc. 73 at 1−2.) They point out that Plaintiff's exhibits show that, each time Plaintiff submitted HNRs, they were addressed and follow-up appointments with medical providers were scheduled and took place; Plaintiff was additionally scheduled for a urology consult; and there is no evidence any provider ordered she be given a particular type of catheter, as she also claims. (*Id.* at 2.) Defendants request that if the Court is not

inclined to summarily deny Plaintiff's Motion they be given two weeks from the date of its Order to review Plaintiff's medical records and substantively address her request to be sent to the hospital. (*Id.* at 3.)

Plaintiff once again fails to set forth sufficient facts and evidence to carry her burden of showing she is entitled to preliminary injunctive relief, including that she faces irreparable harm. As Defendants note, the HNRs Plaintiff provides all contain responses from medical staff, most of them indicating either that they are duplicate requests, that Plaintiff was scheduled to see a provider or was seen on the nurse line, or that there were no unmet medical orders for Plaintiff to receive a particular type of catheter, as Plaintiff had claimed. (*See* Doc. 69-1 at 20−35.)

Plaintiff did not file a Reply to Defendants' Response, and she does not otherwise dispute that she has consistently been seen by medical staff in response to her urinary complaints.[1] Plaintiff also does not claim or provide any evidence to support that Dr. Hall made any adverse findings during Plaintiff's off-site urology consult or that Dr. Hall ordered any care that Defendants have failed to provide. At most, Plaintiff makes a credible claim that Dr. Hall requested a follow up appointment, which Centurion had not yet provided at the time Plaintiff filed her Motion. But there is no evidence to suggest that Plaintiff required an urgent follow up; nor is there any evidence that her urologist ever

---

[1] During the time allotted for a Reply, Plaintiff twice filed affidavits, either repeating or adding factual claims to those she made in her Motion. (*See* Docs. 82, 84.) Plaintiff should be aware that, unless attached to a properly filed Motion or to a response or reply brief, neither Defendants nor the Court can readily determine the intent of such filings in order to fashion a proper response; nor will the Court search the entire docket for additional filings that could potentially support Plaintiff's Motion. To the extent she intended her affidavits to serve as her Reply, Plaintiff should also be aware that the purpose of a Reply is to address the arguments Defendants make in their Response, not to add new facts or evidence not already provided in a Motion. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (the court will not consider arguments raised for the first time in a reply brief); *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) (recognizing the general principle that arguments raised for the first time in a reply brief are waived); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (arguments raised for first time in reply brief are not considered).

prescribed a urostomy or that she otherwise requires hospitalization to address her urinary complaints. On this record, Plaintiff has not shown that she faces irreparable harm or that the relief she requests is narrowly drawn to address any particular harm, and the Court will deny without prejudice the Motion for Preliminary Injunction.

### B. Motion for Court Ordered Examination

The Court will additionally summarily deny Plaintiff's Motion for Court Ordered Examination. In this Motion, Plaintiff seeks a Court ordered medical examin to evaluate her bladder condition. (Doc. 103 at 1.) She vaguely claims, without any evidence, that "multiple urologists have made recommendations[,] and Defendants have not done anything." (*Id.*) She also claims that she has submitted multiple HNRs about her "extreme hard time using the bathroom," and Defendants "do nothing." (*Id.*) These bare allegations are once again insufficient to carry Plaintiff's burden of persuasion as to any of the *Winter* factors. Moreover, as noted above, the evidence does not support that Defendants have done nothing to address Plaintiff's bladder complaints; rather, the evidence shows that Plaintiff has consistently been seen by medical staff in response to her HNRs and she had an off-site consultation with a urologist to address her bladder complaints. Based on this record, it appears that the relief Plaintiff requests is already being provided, and Plaintiff does not show that she faces irreparable harm absent the "extraordinary remedy" of the Court's intervention.

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. 69) and Motion for Court Ordered Examination of Plaintiff (Doc. 103), and both Motions are **denied**.

Dated this 19th day of November, 2020.

Michael T. Liburdi
United States District Judge

- 5 -